HUSSEY MANUF'G Co. *v.* DEERING *et al.*

(*Circuit Court, W. D. Pennsylvania.* August 30, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—MOWING-MACHINES.
Letters patent for improvements in mowing-machines, granted to Ephraim Smith,—one numbered 233,035, and dated October 5, 1880, and another numbered 298,249, and dated May 6, 1884,—construed, sustained, and *held* to be infringed. Following *Manufacturing Co.* v. *Deering,* 20 Fed. Rep. 795.

In Equity.
On final hearing. For hearing on motion for preliminary injunction, see 20 Fed. Rep. 795.
*George Harding* and *Francis T. Chambers,* for complainant.
*West & Bond,* for respondents.

ACHESON, J. The bill of complaint here charges the defendants with infringing two letters patent for improvements in mowing-machines, granted to Ephraim Smith, the plaintiffs' assignor,—one numbered 233,035, and dated October 5, 1880, and the other numbered 298,249, and dated May 6, 1884. The case was originally heard and considered by the court upon a motion for a preliminary injunction, which was allowed; the views entertained by the court being set forth in an opinion reported in 20 Fed. Rep. 795. Nothing, I think, has been shown at final hearing which should cause any departure from the conclusions expressed in that opinion, and little need be added to what was there said.

1. The distinguishing novelty of Smith's invention of 1880 is his balancing lever, pivoted to the movable hinge-bar, and connected at its inner and longer end to a chain having a yielding support, and provided with mechanism for adjusting the chain, whereby both the outer and inner ends of the finger-bar are counterbalanced, so that the finger-bar shall rest very lightly on the ground and ride freely over obstructions. In none of the prior patents do I find Smith's invention as set forth in his second and third claims,—the ones here infringed. The invention is a meritorious one, and the owners of the patent should be protected against a machine like the defendants', which embodies the substance of the invention, while differing in some formal particulars.

I cannot concur with the defendants in the view that the lifting-lever, G, is an element of the combination covered by the second claim of the

patent. In the first claim it is one of the specified constituents of that combination, but it is omitted from the second claim. Certainly, then, it is not to be lightly imported by implication into the claim. Presumably it was purposely omitted. In fact, the lifting-lever, G, is neither a necessary nor a proper element of the combination in question, for the declared end thereby to be accomplished is this: "Whereby the weight of the finger-bar is partly sustained, and its outer end counterbalanced when the machine is in operation, substantially as herein set forth." But the lifting-lever, G, does not co-operate to produce this result. In truth, it is out of action when the machine is in operation. Its function is to throw up the finger-bar when the machine is not operating, and when the lifting-lever, G, is used the spring ceases to act.

The argument that the third claim is for an inoperative combination, because it omits to specify the hinge-bar and means for securing the chain, is not convincing, as the claim clearly has reference to a mowing-machine as described and illustrated in the specification and drawings.

In respect to the alleged prior use in machines manufactured by C. M. Russell & Co. at Massillon, Ohio, it is sufficient for me to say that the evidence, taken altogether, shows, at the utmost, only an unsuccessful and abandoned experimental use.

2. In the use of a spring-supported finger-bar of great length, constructed under the patent of 1880, a practical difficulty was encountered from the springing and moving upward of the finger-bar in the middle by its own unsupported weight, and that of the cutter-bar mounted thereon, so that the cutter-bar would bend downward at the outer end, and not work freely in its guards or ways. As the result of study and experiment, the patentee obviated this difficulty by the invention covered by the patent of May 6, 1884, which consists in making the finger-bar with a downward curvature in the middle, in the manner explained in the specification, so that the finger-bar, when sustained at the inner end and ready for action, will be practically straight. The defendants contend that the patent does not disclose a patentable invention, but to that proposition I am not ready to assent. The problem which confronted the patentee was to so construct the finger-bar as to make it lie straight upon the ground when sustained from its inner end; and he solved it by simple means, it may be, but successfully, and with highly beneficial results. The problem was new, and its successful solution was not obvious.

The alleged prior use of this invention by the defendant William Deering & Co., at Plano, Ill., is not established by evidence satisfactory to me. Nothing of this kind was asserted at the preliminary hearing, although such use of it, if it was as now claimed, must have been then known to Deering and Steward, whose affidavits were read at that hearing. Moreover, the exhibit "Plano, Cutter-Bar," produced in support of this branch of the defense, is discredited by the testimony of Mr. Gill, a witness for the defense, who states that it undoubtedly had met with an accident, which accounted for its condition in respect to curvature.

The testimony of Lewis Miller as to prior use by his firms is not only

unsupported by the production of any specimen of the alleged manufacture, or otherwise, but is successfully rebutted by the testimony of the workmen at the shops.

Upon the whole, I am of the opinion that, as respects the second and third claims of the patent of 1880, and the first, second, and third claims of the patent of 1884, the plaintiffs are entitled to a decree against the defendants.